IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. WILLIAMS, SR., ) | CASE NO. 1:25 CV 700 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, et al., ) | |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Michael A. Williams, Sr. brings this action to challenge his divorce and child custody action currently pending in the Lorain County Domestic Relations Court. He names as Defendants the State of Ohio, Lorain County, Lorain County Children Services, Lorain County Domestic Relations Court Judge Sherry Glass, Lorain County Domestic Relations Court Magistrates Sam Bradley and Brandon Oliver, his spouse Rachel T. Williams, Russell Boyd, Patti Joe Boyd, Rainelle Henry, Anna Cachione-Rufo, Jim Miller, Andrew Lipian, Christina Doran and John/Jane Does 1-3. In the Complaint, he contends he is being denied parenting time with his minor children. He asserts eighteen claims for relief and seeks monetary damages and an order from this Court for the Defendants to follow the existing child custody and parenting order.

Plaintiff filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). That Application is granted.

**Factual and Procedural Background**

Plaintiff's Complaint is nearly devoid of factual allegations. He filed for divorce against his wife, Rachel Williams, on January 10, 2024. *See Williams v. Williams*, No. 24DU093473 (Lorain Cty Comm. Pl. Ct. Dom Rel Div. filed Jan. 10, 2024). He states, without explanation, that his wife removed the children from him on January 15, 2024. He provides no explanation for this statement. The Court takes notice of a companion case Plaintiff filed in this Court in which he claimed his wife telephoned police on January 15, 2024 and reported that Plaintiff had committed domestic violence. *See Williams v. City of Lorain*, No. 1:25 CV 642 (N.D. Ohio filed Apr. 1 2025)(Brennan, J.). Plaintiff was charged with domestic violence and his wife was granted a temporary protection order.

Plaintiff states he was denied all access to his children until June 28, 2024. At that point the Domestic Relations Court ordered supervised visitation to take place. On September 17, 2024, the Domestic Relations Court ordered that Plaintiff would have unsupervised parenting time pursuant to a standard visitation schedule. In December 2024, Plaintiff's access to his children was disrupted. He does not explain that statement; however, the Domestic Relations Court docket gives no indication that the court terminated his visitations. *See Williams v. Williams*, No. 24DU093473 (Lorain Cty Comm. Pl. Ct. Dom Rel Div. filed Jan. 10, 2024). To the contrary, the Domestic Relations Court stated that the September 17, 2024 child custody order is still in place. *Id.* It is possible that his wife is denying Plaintiff contact with the children.

Plaintiff asserts eighteen claims: (1) denial of substantive due process, (2) denial of equal protection, (3) civil conspiracy under 42 U.S.C. § 1985(3), (4) parental alienation, (5) aiding and abetting civil rights violations, (6) conversion of parental time, (7) state-created danger, (8)

complicity in violating orders, (9) conspiracy to interfere with civil rights, (10) failure to investigate and protect minors, (11) failure to train and supervise (Monell), (12) denial of access to the courts, (13) denial of procedural due process, (14) interference with familiar association, (15) racial discrimination against black fathers, (16) retaliation, (17) deliberate indifference to child safety, and (18) Monell liability. He seeks compensatory and punitive damages. He asks this court to declare that the Defendants violated his rights, and order the Domestic Relations Court to enforce its orders and restore his access to his children.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The

Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

### Discussion

As an initial matter, Plaintiff asks this Court to order the Lorain County Domestic Relations Court to enforce its own orders and restore his access to his children. This federal court lacks authority to order a state court to issue orders in state cases on questions of purely state law. *See Commodities Exp. Co. v. Detroit Int'l Bridge Co.*, 695 F.3d 518, 527 (6th Cir. 2012)(principles of comity and federalism require the federal courts to accord respect to state court proceedings and recognize that they should have the final say over the law they are best suited to apply).

In addition, all of Plaintiff's claims are stated as legal conclusions. The "Factual Background" section of his Complaint consists of seven general sentences. His "Claims for Relief" section is simply a list of legal claims with no explanation of the factual basis for these claims. This is not sufficient to state a plausible claim for relief.

Furthermore, none of the Defendants is subject to suit under 42 U.S.C. § 1983. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. Plaintiff's wife, Rachel Williams, is a private citizen and not a government official. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Merely being a participant in litigation does not make a private party a co-conspirator or joint actor with the state. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Plaintiff fails to allege facts that suggest Rachel Williams can be considered to be a state actor for purposes of § 1983.

Four of the Defendants are absolutely immune from suit. The State of Ohio is immune from suit under the Eleventh Amendment. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985). Judge Glass and Magistrates Bradley and Oliver are absolutely immune from civil suits for money damages that arise from decisions they made from the bench or actions they took in connection with a case pending before them. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). While there are some very limited exceptions to absolute judicial immunity, Plaintiff fails to allege facts to suggest that any of them would apply in this case.

The Lorain County Children Services is not *sui juris*, meaning it is not a legal entity separate from the County that can sue or be sued in its own right. *Loper v. Cuyahoga Cty.*

*Children & Family Servs.*, No. 1:18 CV 1598, 2019 WL 1597552, at *5 (N.D. Ohio Apr. 15, 2019) (Cuyahoga County Children and Family Services is not *sui juris* and cannot be sued in its own right); *Wilson v. Trumbull Cty. Dep't of Job & Family Servs.*, No. 4:12 CV 02163, 2013 U.S. Dist. LEXIS 154926, 2013 WL 5820276, at *3 (N.D. Ohio Oct. 29, 2013) (finding that "numerous district courts" have found that county agencies are not *sui juris*, and granting motion to dismiss of defendant Trumbull County Adult Protective Services because the county agency lacks the capacity to be sued) (collecting cases). The claims against his Defendant fail to state a claim as a matter of law.

Plaintiff's Complaint contains no facts that pertain to Russell Boyd, Patti Joe Boyd, Rainelle Henry, Anna Cachione-Rufo, Jim Miller, Andrew Lipian or Christina Doran. He does not even identify who these people are and how they may be connected to the child custody matter. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint simply contains no facts which reasonably associate these Defendants to any of the Plaintiff's claims.

Finally, Plaintiff seeks to hold Lorain County responsible for the actions of County employees. A municipality cannot be held liable for the actions of its officers and employees under a theory of *respondeat superior*. *Monell v. Dept. of Social Services,* 436 U.S. 658, 692-94 (1978). Plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Id.* A local government entity violates §1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id.* A

"municipal policy" includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated." *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690). A "custom" for purposes of *Monell* liability must "be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691. It must reflect a course of action deliberately chosen from among various alternatives. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985). In short, a "custom" is a legal institution not memorialized by written law. *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993).

To state a claim for relief against a municipality under § 1983, Plaintiff must: (1) identify the municipal policy, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). Plaintiff states that "Lorain County is liable for judicial misconduct and systematic denial of access to remedies." (Doc. No. 1 at Page ID #: 2). This statement is far too general to identify a specific policy that reflects a decision by the County. Instead, it appears to be an attempt at *respondeat superior* liability which is prohibited by *Monell*.

Plaintiff also lists a claim for "failure to train and supervise (*Monell*)." (Doc. No. 1 at PageID #: 3). A municipality may be held liable only where there is essentially a complete failure to train employees in an area where prior incidents demonstrate an obvious need for training, or where the training that is provided is so reckless or grossly negligent that future misconduct is almost inevitable or would properly be characterized as substantially certain to result. *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir.1982). Plaintiff's claim is not

supported by factual allegations that would suggested that the City of Lorain can be held liable for failing to train or supervise its employees.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted. This action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 10, 2025

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.